# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable John W. Moore
County Attorney
Jacksboro, Texas

Dear Sir:

Opinion No. O-3086
Re: Compensation of the sheriff
of Jack County, and related
questions.

Your recent request for an opinion of this department upon the questions as are therein stated has been received.

We quote from your letter as follows:

"At the request of the Commissioners' Court of this county, I submit the following questions for an opinion of your department:

"1. May the Commissioners' Court legally fix the Sheriff's compensation, in addition to the fees of office, at $4,300.00 to cover his own ex officio salary, car expense, deputy, Jailer, and janitors for the courthouse, for the year, without itemizing the amounts, in a county where the maximum fees of the Sheriff's office under Articles 3883 and 3891 R. C. S. are $3,000.00, and when it is contemplated that the fees of office will not exceed $900.00 for the year?

"2. If the above plan is not authorized by law, in this county where the fees of office will not exceed $900.00 for the year, may the court pay, in addition to an ex officio salary for the sheriff, any amount for deputy, jailer hire and expenses of car

used in connection with duties of the Sheriff's department, - or, is the authority of the Commissioners' Court with reference to salaries and allowance for car expense limited to the approval or setting of amounts which may be deducted by the sheriff at the end of the year only in the event that he has excess fees to account for?

"The situation confronting the Commissioners' Court in this county is to properly finance the Sheriff's office when the fees of that office has never exceeded $900.00. By the reason of increase in the population of this county, the Sheriff's office was separated from the office of Tax Collector-Assessor. The contemplated fees derived from the Sheriff's office alone will not be adequate for the proper conduct of the office, as viewed by the Commissioners' Court.

"Under Article 6869 R. C. S. as amended by General Laws, 41st Leg. 1st called session, 1929, it reads ------- 'Provided further, that if, in the opinion of the Commissioners' Court fees of the Sheriff's office are not sufficient to justify the payment of salaries of such deputies, the Commissioners' Court shall have the power to pay the same out of the General Fund of said county'.

"Does this Article as amended lift the limitation upon the power of the Commissioners' Court so as to allow other compensation than granted under Article 3883 and 3891 R. C. S. when in their opinion there is a necessity, for the adequate and proper conduct of the Sheriff's office, to pay said deputies out of the general fund, while also allowing the Sheriff an ex officio salary within the limitations of Article 3895 R. C. S."

We are informed that Jack County has a population of 10,196 inhabitants according to the last Federal census,

and that the county officials of said county are compensated on a fee basis.

Article 3934, Vernon's Annotated Civil Statutes, provides:

"Sheriffs shall also receive the following compensation:

"1. For all process issued from the Supreme Court or Courts of Civil Appeals, and served by them, the same fees as are allowed them for similar service upon process issued from the district courts.

"2. For summoning jurors in district and county courts, serving all election notices, notices to overseers of roads and doing all other public business not otherwise provided for, not exceeding one thousand dollars per annum to be fixed by the commissioners' court at the same time other ex officio salaries are fixed, and to be paid out of the general funds of the county; provided, that no such ex officio salary shall be allowed any sheriff who has received the maximum salary allowed by law."

Article 3895, Vernon's Annotated Civil Statutes, reads as follows:

"The Commissioners' Court is hereby debarred from allowing compensation for ex officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation

for ex officio services allowed shall not
increase the compensation of the official
beyond the maximum of compensation and ex-
cess fees allowed to be retained by him
under this chapter.  Provided, however,
the ex officio herein authorized shall be
allowed only after an opportunity for a
public hearing and only upon the affirma-
tive vote of at least three members of
the Commissioners' Court."

Under Article 3883 and Article 3891, Vernon's
Annotated Civil Statutes, the maximum compensation of the
sheriff of Jack County cannot exceed $3,000.00 per annum.

Under the above mentioned statutes, the Com-
missioners' Court can legally allow the sheriff ex officio
compensation not to exceed $1,000.00 per year, provided,
that the said ex officio compensation does not increase
the compensation of the sheriff beyond the maximum as
provided by law.

Article 1041, Code of Criminal Procedure, pro-
vides in part, "No allowance shall be made for the board
of such guard or matron, nor shall any allowance be made
for jailer or turnkey, except in counties of forty thou-
sand population or more."  With reference to the compen-
sation of janitor for the courthouse, said compensation
is not be be regarded as part of the compensation of the
sheriff, but such compensation may be allowed and paid
by the Commissioners' Court under the general power and
authority of said court by virtue of Article 2351, Vernon's
Annotated Civil Statutes.  Therefore, your first question
is respectfully answered in the negative.

Article 6869, Vernon's Annotated Civil Statutes,
reads as follows:

"Sheriffs shall have the power, by writ-
ing, to appoint one or more deputies for their
respective counties, to continue in office
during the pleasure of the sheriff, who shall
have power and authority to perform all the
acts and duties of their principals; and every
person so appointed shall, before he enters
upon the duties of his office, take and sub-
scribe to the official oath, which shall be
indorsed on his appointment, together with

the certificate of the officer administering
the same; and such appointment and oath shall
be recorded in the office of the County Clerk
and deposited in said office. The number of
deputies appointed by the sheriff of any one
county shall be limited to not exceeding
three in the Justice precinct in which is
located the county site of such county,
and one in each Justice precinct, and a list
of these appointments shall be posted up in
conspicuous place in the Clerk's office. An
indictment for a felony of any deputy sheriff
appointed shall operate a revocation of his
appointment as such deputy sheriff. Pro-
vided further, that if in the opinion of the
Commissioners' Court fees of the sheriff's
office are not sufficient to justify the
payment of salaries of such deputies, the
Commissioners' Court shall have the power
to pay the same out of the General Fund of
said county."

Article 6871 provides in part:

"Whenever in any county it becomes ne-
cessary to employ guards for the safekeeping
of prisoners and the security of jails, the
Sheriff may, with the approval of the Com-
missioners Court, or in case of emergency,
with the approval of the County Judge,
employ such number of guards as may be
necessary; and his account therefor, duly
itemized and sworn to, shall be allowed
by said Court, and paid out of the County
Treasury. . . ."

In view of Articles 6869 and 6871, supra, in
answer to your second question you are advised that it is
our opinion that the Commissioners' Court can legally pay
the salaries of deputy sheriffs out of the general fund
of the county, if in the opinion of the Commissioners'
Court, fees of the sheriff's office are not sufficient
to justify the payment of salaries of such deputies.
The salaries of such deputies are to be determined as
provided by Article 3902, Vernon's Annotated Civil Stat-
utes. Also, the salaries of guards for the safekeeping
of prisoners and the security of jails, may be paid by
the Commissioners' Court as provided by Article 6871.

In view of Article 3899, Vernon's Annotated Civil Statutes, you are further advised that it is our opinion that the Commissioners' Court cannot legally pay automobile expenses of the sheriff's department, but as provided by Section A of Article 3899, such expenses must be paid out of the fees earned by such officer.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

APPROVED FEB 7, 1941          ATTORNEY GENERAL OF TEXAS

(s) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS     By (signature)
                                        Ardell Williams
                                        Assistant

AW:GO/JCP               APPROVED-OPINION COMMITTEE-
                              B.W.B., CHAIRMAN

W.J.F.